U.S. DISTRICT COURT

2021 FEB -2  P 3: 44

_L. LaVictoire_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DIXIE E. MARTIN,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      CIVIL ACTION NO.: CV506-019
                                          )
JO ANNE B. BARNHART,                      )
Commissioner of Social Security,          )
                                          )
            Defendant.                    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Alan L. Bergstrom ("the ALJ" or "ALJ Bergstrom") denying her claim for disability prior to December 15, 2004. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled prior to December 15, 2004. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for a period of disability and disability insurance benefits on May 30, 2003, alleging that she became disabled on April 18, 2003, due to fibromyalgia, depression, and anxiety. (Tr. at 31.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On August 1, 2005, ALJ Bergstrom held a hearing at which Plaintiff appeared with counsel and testified. Lori A. Cowan, a vocational expert, also testified at this hearing. ALJ Bergstrom found that

AO 72A
(Rev. 8/82)

Plaintiff was not disabled prior to December 15, 2004, but became disabled on that date and was disabled through the date of his decision. (Tr. at 18.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 4.)

Plaintiff, born on September 6, 1950, was fifty-five (55) years old when ALJ Bergstrom issued his decision. She has an eleventh grade education. (Pl.'s Br., p. 2.) Her past relevant work experience includes employment as an assembler in a warehouse and in a refrigeration case builder factory, a clerk in a pharmacy, and a quality inspector. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the

impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of April 18, 2003, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 19.) At Step Two, the ALJ determined that Plaintiff had degenerative disc disease of the cervical spine, s/p fusion with failed cervical syndrome since December 15, 2004, degenerative disc disease of the lumbar spine, s/p L4-5 fusion with failed lumbar syndrome fusion with radiculopathy of the left upper and lower extremity since December 15, 2004, asthma, bronchitis, and obesity. (Id.) However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 20.) The ALJ found that Plaintiff, prior to December 15, 2004, retained the residual functional capacity[1] to exertionally lift/carry 20 pounds occasionally, 10 pounds frequently, stand and walk 6 hours in an 8-hour workday, and sit

_____

[1] ALJ Bergstrom also determined Plaintiff's residual functional capacity after December 15, 2004 (Tr. at 22); however, as Plaintiff contends the ALJ erred in failing to find her disabled prior to December 15, 2004, it is not necessary to discuss Plaintiff's later-determined capacity.

3

an entire workday with unlimited ability to push and pull. Nonexertionally, the ALJ found Plaintiff could not climb ropes, ladders, and scaffolds but could occasionally tolerate other forms of climbing, crawling, kneeling, crouching, and stooping. ALJ Bergstrom also found Plaintiff could occasionally tolerate work which required overhead reaching. ALJ Bergstrom further found Plaintiff should have avoided working around exposed heights, concentrations of dust, fumes, and poor ventilation due to her respiratory problems. Plaintiff could occasionally tolerate exposure to temperature extremes and highly humid places. As to Plaintiff's mental impairments, the ALJ noted Plaintiff could not perform complex tasks and instructions or be in positions directly responsible for other persons' job safety. The ALJ also noted Plaintiff could frequently tolerate face-to-face contact with the general public in the workplace and telephonic communication with the general public. Finally, the ALJ noted Plaintiff could perform simple, routine, repetitive, entry-level tasks and instructions. (Tr. at 20-21.) At the next step, ALJ Bergstrom concluded that Plaintiff could perform her past relevant work as an assembler, a pharmacy technician, and an order filler prior to December 15, 2004. (Tr. at 22.)

## ISSUES PRESENTED

Plaintiff contends the ALJ erred in failing to find her disabled prior to December 15, 2004, because ALJ Bergstrom improperly rejected statements from three (3) treating source physicians and because the ALJ did not propound a comprehensive hypothetical to the vocational expert.

4

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Dyer, 395 F.3d at 1210; Cornelius, 936 F.2d at 1145.

Substantial evidence must do more than create a suspicion of the existence of the fact to be proved, and the evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210; Martin, 894 F.2d at 1529. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146; Martin, 894 F.2d at 1529.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

I.   **ALJ Bergstrom did not reject Plaintiff's treating physicians' findings.**

Plaintiff contends two (2) of her treating physicians, Drs. Steven Welton and M. Paul Millet, found she would be unable to work on a sustained basis, as she would have excessive absenteeism.  Plaintiff also contends the ALJ ignored these findings.  Plaintiff asserts the ALJ substituted his own judgment for that of her three (3) treating physicians, despite statements, medical records, questionnaires, and assessments from these physicians.

Defendant alleges the treating physician rule is not implicated in this case. Defendant contends that all three opinions from Plaintiff's treating physicians were based on reports dated after December 15, 2004, the date ALJ Bergstrom found Plaintiff disabled.  Defendant also contends these reports are consistent with ALJ Bergstrom's findings.  Defendant further contends ALJ Bergstrom "very clearly refers" to these three reports in finding that Plaintiff became disabled on December 15, 2004. (Def.'s Br., p. 10.)

It is well-established that the opinion of a treating physician "'must be given substantial or considerable weight unless good cause is shown to the contrary.'" Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent with the treating physician's opinion; or (3) the treating physician's opinion is conclusory or inconsistent with his own medical records. Id. at 1241.  When the ALJ determines that

6

AO 72A
(Rev. 8/82)

"good cause" exists to disregard a treating physician's opinion, the ALJ must clearly articulate the reasons supporting this decision. Id.

Contrary to Defendant's contentions, it appears the "treating physician rule" is applicable in this case; Plaintiff began seeing these three (3) physicians prior to December 15, 2004. However, contrary to Plaintiff's contentions, ALJ Bergstrom not only considered the findings and reports of Drs. Welton, Millet, and George Wedd, ALJ Bergstrom relied on the reports of these physicians in determining Plaintiff was not disabled prior to December 15, 2004. (Tr. at 20.)  In addition to the findings of these physicians, ALJ Bergstrom also considered Plaintiff's outpatient psychiatric treatment notes, which are rather extensive. (Tr. at 20, 378-96.)  Plaintiff, as far as the undersigned can discern, did not begin seeing Drs. Welton and Millet until early 2004. While Dr. Wedd's notes indicate he began seeing Plaintiff on July 13, 1981 (Tr. at 359), there is no other evidence[2] to support this notation; rather, the earliest date the undersigned was able to find that Dr. Wedd saw Plaintiff was February 6, 2002, when Plaintiff presented with flu-like symptoms. (Tr. at 296.)  ALJ Bergstrom's determination that Plaintiff became disabled on December 15, 2004, is based on, *inter alia*, the reports and findings of Plaintiff's treating physicians. Plaintiff's assertion to the contrary is unavailing.

II.     **ALJ Bergstrom's hypothetical presented to the vocational expert was permissible.**

Plaintiff avers her counsel posed an "all inclusive comprehensive" hypothetical which included limitations based on an assessment completed by Dr. Welton. (Pl.'s Br., p. 16.)

---

[2] This indication is substantially supported by testimony Plaintiff provided at the hearing ALJ Bergstrom conducted.  Plaintiff stated she began seeing Dr. Welton (not Wedd) in 1980.  (Tr. at 428.)

7

Plaintiff asserts the vocational expert concluded these limitations would preclude the type of work she performed previously.  Plaintiff also asserts the ALJ rejected the vocational expert's testimony based on the hypothetical her counsel presented, and the ALJ did not mention or address this testimony in his decision.

Defendant contends Plaintiff failed to show an inability to return to her past relevant work prior to the onset of disability.  Defendant also contends ALJ Bergstrom reached a decision at step four, not step five, of the disability process analysis, and thus, the sufficiency of the hypothetical posed to the vocational expert is not an issue in this case.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Williams v. Barnhart, 140 Fed. Appx. 932, 936 (11th Cir. 2005) (quoting Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).  However, the hypothetical need only include the impairments which the ALJ accepts as true.  McKay v. Apfel, 1999 WL 1335578, *7 (M.D. Ala. Dec. 9, 1999) (citing Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994)).

ALJ Bergstrom's determination that Plaintiff was not disabled prior to December 15, 2004, was a "step four" determination.  Accordingly, it was not necessary to consult a vocational expert.  See Jones v. Com'r of Soc. Sec., 181 Fed. Appx. 767, 771 (11th Cir. 2006) (reasoning that, despite the ALJ's finding at step four of the sequential evaluation that plaintiff could perform her past relevant work, the ALJ proceeded to step five of the sequential evaluation and posed a hypothetical to the vocational expert to determine whether plaintiff could perform other work that existed in significant numbers in the national economy).  However, even if the ALJ were required to consult a vocational expert at step four, it was permissible for ALJ Bergstrom to not include in the hypothetical posed to the

8

vocational expert the findings of Dr. Welton, which are set forth in Exhibit 20-F.  See McKay, 1999 WL at *7.  This questionnaire was dated April 14, 2005, and there is no indication in this questionnaire that Dr. Welton's findings were applicable to any time period prior to December 15, 2004. (Tr. at 345-50.) ALJ Bergstrom nevertheless considered this exhibit (Tr. at 20, 22) in making his determination that Plaintiff became disabled on December 15, 2004.  Plaintiff's contentions in this regard are without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this ____2____ day of February, 2007.


JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)