# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | | |
|---|---|---|
| DIXIE E. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV506-019 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In her Objections, Plaintiff contends the Magistrate Judge does not explain in his Report and Recommendation why medical notes from September and October 2004 were "virtually identical" to Dr. Millet's treatment notes dated December 15, 2004, the date of disability. (Doc. No. 19, p. 1.) Plaintiff also contends the Magistrate Judge "makes issue" of Dr. Wedd's notes indicating he began seeing Plaintiff in 1981 rather than in 2002. (Id.) Plaintiff further contends the Magistrate Judge fails to discuss why the records of her treating psychiatrist, Dr. Welton, were not accepted other than stating Plaintiff did not begin treatment with Dr. Welton until April 2004. Finally, Plaintiff asserts the Magistrate Judge does not acknowledge the restrictions set forth by the Administrative Law Judge ("ALJ") in the hypothetical presented to the vocational expert would preclude Plaintiff from performing her past work.

Plaintiff appears to misread the treatment notes from September and October 2004; these records indicate Dr. Millet found Plaintiff's exams to be "essentially normal"

AO 72A
(Rev. 8/82)

except for pain. (Tr. at 335-38.) Dr. Millet's notes from December 15, 2004, reveal Plaintiff had a limitation of her range of motion. (Tr. at 333.) Additionally, the undersigned's reading of the Magistrate Judge's Report, in conjunction with the other evidence of record, does not comport with Plaintiff's interpretation as to footnote 2 of the Report. The Magistrate Judge noted Dr. Wedd's indication that he began treating Plaintiff in 1981, but there was nothing in the medical records to support this indication. This is hardly indicative of the Magistrate Judge taking issue with the statement. Moreover, the ALJ's consideration of Dr. Welton's opinion is noted in his decision and was not discounted. Finally, as noted by the Magistrate Judge, the ALJ's finding that Plaintiff was not disabled prior to December 15, 2004, was a "step four" determination. Accordingly, the ALJ was not required to consult a vocational expert. However, the vocational expert opined that Plaintiff could perform her past relevant work as it is typically performed in the national economy, i.e., at the light exertional level.

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this 21st day of MAY, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA